```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       EASTERN DIVISION
```

TARA ELISE HATLEY,

    Appellant,

vs.                                       No. 10-2152-STA-cgc

DOGWOOD CREEK APARTMENTS/
FOGELMAN PROPERTIES,

    Appellee.

Bankruptcy No. 09-33633-JDL

ORDER GRANTING LEAVE TO PROCEED <u>IN</u> <u>FORMA</u> <u>PAUPERIS</u>
AND
ORDER DISMISSING APPEAL AS MOOT

On December 7, 2009, Debtor Tara Elise Hatley ("Debtor" or "Appellant"), who was, at the time, a resident of Collierville, Tennessee, filed a <u>pro</u> <u>se</u> Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Western District of Tennessee. (Bankruptcy Docket Entry ("B.D.E.") 1.) On December 10, 2009, Creditor Dogwood Creek Apartments/Fogelman Properties ("Creditor" or "Appellee") filed a motion seeking relief from the automatic stay and an expedited hearing on the motion. (B.D.E. 16.) That motion stated, in pertinent part, as follows:

> THAT THE DEBTOR WAS IN A PRIOR CHAPTER 13 CASE NO. 09-31348GWE AND THE CREDITOR FILED A MOTION FOR RELIEF FROM THE AUTOMATIC STAY, WHICH WAS CONDITIONALLY GRANTED, AND THE DEBTOR FAILED TO COMPLY WITH THE TERMS OF THE SAID ORDER AND THE CREDITOR RESCHEDULED THE STATE COURT EVICTION PROCEEDINGS, ONLY TO BE AGAIN STAYED BY THIS BAD FAITH, SERIAL FILING BY THE DEBTOR. THEREFORE, THE

> CREDITOR SEEKS TO HAVE THIS MATTER SET FOR HEARING ON AN EXPEDITED BASIS TO LIFT THE AUTOMATIC STAY AND RATIFY AND CONFIRM THE CREDITOR'S RIGHT TO OBTAIN POSSESSION OF THE SAID PREMISES AND TO RATIFY THE ENTRY OF THE JUDGMENT IN THE GENERAL SESSIONS COURT OF SHELBY COUNTY, TENNESSEE IN CASE NO. 1385297 WHICH HAS BEEN RESCHEDULED FOR HEARING ON DECEMBER 16, 2009 AT 1:30.

(Id. at 2 (emphasis omitted).) On December 21, 2009, United States Bankruptcy Judge Jennie D. Latta granted the motion for relief from the automatic stay. (B.D.E. 29.) On December 23, 2009, Debtor filed a notice of appeal and an election to have the appeal heard by the District Court. (B.D.E. 31 & 32.) On December 28, 2009, Debtor filed a motion to waive the bankruptcy appellate filing fee (B.D.E. 49), and Creditor filed a response in opposition to the motion on December 29, 2009 (B.D.E. 50). The appeal was referred to this Court on January 11, 2010, and it was docketed in this Court on March 3, 2010. (Docket Entry ("D.E.") 1.) Appellant filed a brief on March 22, 2010 (D.E. 3), and Appellee filed its brief on April 5, 2010 (D.E. 4).

In its brief, Appellee represents that "there is no justiciable issue before this Court," that "the issues addressed in the Appellant's Brief are moot and the Appellant has already been granted relief in a collateral proceeding seeking sanctions as a result of a violation of the Automatic Stay," and that "the Appellant's Appeal should be denied and/or the Appellant's Appeal should be dismissed." (Id. at 1.) On December 16, 2009, Debtor filed a motion in the Bankruptcy Court seeking a hearing on Creditor's alleged violations of 11 U.S.C. § 362(a) in connection with an eviction proceeding it filed in the General Sessions Court

for Shelby County, Tennessee. (B.D.E. 25.) Creditor filed a response in opposition to the motion on December 22, 2009. (B.D.E. 26.) Debtor filed legal briefs on January 7, 2010, and on January 28, 2010. (B.D.E. 52 & 67.) On February 3, 2010, Judge Latta granted Debtor's motion and held that, because Creditor had violated the automatic stay, "the claim of Dogwood Creek Apartments should be and is hereby denied, held for naught, and should be deleted from the Debtor's Chapter 13 plan." (B.D.E. 69 at 1.) On February 4, 2010, Debtor filed a notice of change of address reflecting that she no longer resided in the apartment she had leased from Creditor. (B.D.E. 73.)

Because Debtor is no longer in possession of the subject premises, and because the Bankruptcy Court has granted relief on Debtor's motion concerning violations of the automatic stay, the present appeal is moot. The motion for leave to proceed <u>in forma pauperis</u> on this bankruptcy appeal is GRANTED, and the appeal is DISMISSED as moot. A judgment affirming the bankruptcy court's dismissal of the petition shall be entered. <u>See</u> Fed. R. Bankr. P. 8016(a). The Clerk is directed to send the notice required by Fed. R. Bankr. P. 8016(b).

IT IS SO ORDERED this 16th day of June, 2010.

                                            **s/ S. Thomas Anderson**
                                            S. THOMAS ANDERSON
                                            UNITED STATES DISTRICT JUDGE